**Clifford James BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65431.**

Court of Criminal Appeals of Texas,
Panel No. 3.

March 25, 1981.

Rehearing Denied July 1, 1981.

Allan K. Butcher, J. Don Carter, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William Kane, John Bankston, George Mackey and James J. Heinemann and C. Chris Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash and Alford Walker, State's Attys., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal is taken from a conviction on appellant's plea of nolo contendere to the offense of possession of heroin. The trial court assessed punishment at four years imprisonment pursuant to a negotiated plea bargain. On December 11, 1979 the trial court conducted a hearing on appellant's motion to suppress. Immediately following the trial court's denial of that motion, appellant was then tried before the judge, and his plea of nolo contendere was entered. During his trial on the merits the evidence adduced at the pretrial hearing was offered into evidence as a stipulation. In appellant's sole ground of error he complains that the trial court erred in denying his motion to suppress because the evidence was seized in contravention of the Fourth Amendment of the United States Constitution, and the Texas Constitution, Article I, § 9. Appellant contends that the search was conducted without a warrant, and does not come within any recognized exception to the warrant requirement. The State urges that the "plain view" exception to the warrant requirement should apply here.

However, in order to determine if we may reach this ground of error we must initially delve into the provisions of Article 44.02, V.A.C.C.P.[1]

At the outset we note that Article 44.02, supra, specifically applies with equal force to either pleas of guilty or pleas of nolo contendere, in which there has been a plea bargain accepted by the trial court.[2] See Article 27.02(6), V.A.C.C.P., *Sowell v. State*, 503 S.W.2d 793, 795 (Tex.Cr.App. 1974) and *Lucero v. State*, 502 S.W.2d 750, 752 (Tex.Cr.App.1973). Secondly, an erroneous ruling on a motion to suppress will not vitiate a conviction where the evidence sought to be suppressed is not introduced, and the nolo contendere plea is supported by independent evidence, other than that contested by the motion. *Ferguson v. State*, 571 S.W.2d 908, 909 (Tex.Cr.App. 1978), and *Brewster v. State*, 606 S.W.2d 325, 328 (Tex.Cr.App.1980), and cases cited therein.

Here, although the heroin itself was not introduced, there was the stipulated testimony of the chemist who analyzed the contents of a particular green balloon. This testimony is also the fruits of the arrest and search, *Brewster*, supra, at 328.

As to the question of any independent evidence which remains unchallenged and whether it is sufficient to support a conviction, we wrote in *Brewster*, supra at 328:

"The review exercise is much like the search of the appellate record for a judicial 'confession' or 'admission' deemed adequate to show guilt notwithstanding an unauthorized oral stipulation, a flawed written stipulation or some similar defect in evidencing guilt. See the exhaustive treatment, pro and con, in *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App. 1980). . . ."

Our search of the record in this case reflects that the evidence introduced at the pretrial hearing primarily consisted of the testimony by the arresting officer, Patrolman Maples. The only other witness called was the director of the crime laboratory of the Fort Worth Police Department, who appeared as the result of appellant's subpoena. His testimony consisted largely of a report of the items seized, and that, among other things, there were two balloons found to be containing a powder; one was identified to be heroin, and one was not. Appellant did not take the stand and, as mentioned, his trial was held immediately thereafter.

During this trial appellant made no oral or written stipulations of evidence that could be characterized as a judicial confession, i. e., there is no statement that the allegations of the indictment were true and correct. Neither was he sworn in as a witness before the careful trial judge admonished him and then accepted his plea of nolo contendere and the negotiated plea bargain. Cf. *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.1980). In fact, great care was taken to inform appellant of his right to appeal the ruling, as the following excerpt from the transcription of the court reporter's notes demonstrates:

"THE COURT: All right.

Now, the Court finds that prior to your entering your plea of nolo contendere in this case, this Court conducted a hearing in open Court on the record in regard to

1. Article 44.02 provides that "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. . . ." And such an accused must be so admonished pursuant to Article 26.13(a)(3), V.A.C.C.P.

2. In *Prochaska v. State*, 587 S.W.2d 726 (Tex. Cr.App.1979) we held that where there is no plea bargain pursuant to Article 44.02, supra, any claimed deprivations of constitutional guarantees against unreasonable searches and seizures and defective confessions are waived by entering a plea of guilty, and thereby reaffirmed the rule of *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972).

the motion filed on your behalf by your attorneys, same being a Motion to Suppress the Evidence.

The Court further finds as a fact that at the hearing and trial on your plea of nolo contendere, that you did not take the witness stand and did not judicially confess to the offense charged against you in this Indictment.

It is the understanding of the Court, therefore, that though you do not have a right to appeal for your conviction on your plea of nolo contendere in this case, you do have a right to appeal this Court's decision on the Motion to Suppress.

Now, those being the circumstances, do you wish at this time to give notice of your intention to appeal this conviction and the Court's decision, or do you wish to waive that right as you waived your right to a trial by jury?

THE DEFENDANT: I want to appeal."

■ Thus we hold that appellant has successfully navigated the procedurally hazardous passageway of Article 44.02, supra, and preserved his right to appeal denial by the trial court of his motion to suppress. Having reached the search and seizure issue, we now reverse the ruling of the trial court, because we believe that the instant seizure cannot be validated on the strength of the facts before us.

The facts show that Officer Maple stopped appellant's 1970 Buick on the evening of June 18, 1979 as part of a routine and nonrandom license check being operated in the 1200 block of East Allen Street in East Fort Worth. When asked to produce his driver's license, appellant put his hand into the right front pocket of his trousers. On direct examination, Patrolman Maples testified as follows:

"Q [Prosecutor]: When he put his hand in his pocket, did you do anything with the flashlight?

A: Not immediately, I didn't.

Q: All right.

Was there—you say not immediately. Did you at some point in time shine the light in the car?

A: Yes, sir, I did.

Q: All right, and why did you do that?

A: His hand was in his pocket too long and it worried me.

*     *     *     *     *     *

Q: All right, and he pulled his hand partially out of his pocket. Was there anything in his hand?

*     *     *     *     *     *

A: There were two items. There was a, what I believe was a dollar bill that was partially folded and there was a small green balloon stuck between his fingers."

On cross examination the following testimony was elicited:

"Q [Defense Attorney]: Now, basically, as a matter of fact, your arrest of Clifford James Brown was based on your suspicion that he did have a controlled substance in that balloon; is that correct?

A: Yes, sir, that is.

Q: Could you describe the size of the balloon for us, Officer?

A: It was a tip end of a—I can't—well, it was a balloon, probably would be about as large, you know—not filled with anything—just my little finger and it was just about that much (indicating) of the tip end of a balloon.

Q: When you say that much, could you give the reporter an estimate of the size and length that you are talking about?

A: Probably mashed down the balloon was maybe probably less than an eighth of an inch, but it was probably half of an inch long, maybe, from the tip to where it's tied.

Q: Is that what you based your arrest of this gentleman on?

A: Yes, sir.

Q: The sight of that balloon?

A: Yes, sir, that's correct."

Appellant then looked in the glove compartment of the car, still seeking his driver's license; as he did so the officer testified that he saw some empty plastic vials, a white powdery substance which was later determined not to be a controlled substance,

and a bag of party balloons. More importantly on direct examination, the officer candidly admitted the following:

"Q [Prosecutor]: All right.

Have you ever made any arrests personally or been involved in any sort of situations where arrests were made where narcotics were stored in a plastic vial of the same nature that you saw in the glove box?

A: Personally I haven't seen it in the plastic vials."

After the green balloon was dropped on the seat, Patrolman Maples ordered appellant to exit the car; he then reached into the car and seized the green balloon.

We do not here question either the validity of the officer's initial stop of appellant's vehicle as a part of a license check. Cf. *Faulkner v. State*, 549 S.W.2d 1 (Tex.Cr. App.1976), nor the propriety of the arrest since appellant failed to produce a driver's license. What we *do* question is the sole argument advanced by the State that the green balloon seized was in "plain view" incident to a lawful arrest.

Significantly, the state overlooks the first limitation on the "plain view" doctrine: "[T]hat plain view *alone* is never enough to justify the warrantless seizure of evidence." [Emphasis in original] *Coolidge v. New Hampshire*, 403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564 (1971).

For the plain view doctrine to apply, not only must the officer be legitimately in a position to view the object, but it must be immediately apparent to the police that they have evidence before them. This "immediately apparent" aspect is central to the plain view exception and is here relied on by appellant.[3] *Howard* and *Coolidge*, both supra. In this case then, Officer Maples had to know that "incriminatory evidence was before him when he seized the balloon." *DeLao v. State*, 550 S.W.2d 289, 291 (Tex.Cr.App.1977).

In *Duncan v. State*, 549 S.W.2d 730, 732 (Tex.Cr.App.1977) the Court wrote:

"Even though we are aware of the popular use of plastic bags as containers for controlled substances we cannot hold that the bag itself is contraband in the absence of some showing that the officer saw what appeared to be a contraband substance in the bag."

Similarly, *Nicholas v. State*, 502 S.W.2d 169 (Tex.Cr.App.1973) dealt with the seizure of photographic negatives; in *DeLao v. State*, supra, 550 S.W.2d at 291, the Court held that substance inside a red balloon on a window sill was not in plain view.

Finally, in *Howard*, supra, 599 S.W.2d at 602 we wrote:

"Officer Holland testified that given the translucent quality of the container, it was impossible to determine the nature of the tablets therein. It is therefore clear that at the moment that the container came into 'plain view' Officer Holland had no basis for believing that its contents were inherently suspicious or that they were in fact contraband."

We hold here that opaque party balloons are to be accorded treatment similar to plastic bags and photographic negatives and translucent vials. Appellant's ground of error is sustained, and the cause is reversed and remanded.

Before the court en banc.

## STATE'S MOTION FOR REHEARING

McCORMICK, Judge, dissenting.

On original submission, a panel of this Court reversed this conviction because an officer did not have probable cause to seize a balloon filled with heroin. The panel contends that "opaque party balloons are to be accorded treatment similar to plastic bags and photographic negatives and trans-

3. As we wrote in *Howard v. State*, 599 S.W.2d 597, 600 (Tex.Cr.App.1979): "While this Court continues to revisit the *Taylor* doctrine [from *Taylor v. State*, 421 S.W.2d 403, 407 (Tex.Cr. App.1967)] from time to time, see, e. g., *Duncantell v. State*, 563 S.W.2d 252, 256 (1978), it has examined each precise fact situation to determine that after the traffic stop each movement made by an officer is factually and legally justified. . ." See also cases cited in n. 8, in *Howard*, supra, for similar examinations of the record.

lucent vials." Thus, the presence of a balloon in plain view alone did not give an officer sufficient facts to make it "immediately apparent" that the balloon contains contraband.

The basic premise in any warrantless search and seizure case is that they are per se illegal, except for a few specifically established and well-delineated exceptions. *Katz v. United States*, 359 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). It is also well established that under certain circumstances the police may seize evidence in plain view without a warrant, *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). However, the doctrine of "plain view" does have three criteria: (1) a prior justification for an intrusion; (2) an inadvertent discovery of incriminating evidence; (3) which is immediately apparent *to the officer*. *Coolidge v. United States*, supra.

More recently, the United States Supreme Court held in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that:

"... The seizure of property in plain view involves no invasion of privacy and *is presumptively reasonable*, assuming that there is *probable cause to associate the property with criminal activity....* (Emphasis added) 445 U.S. at 586, 100 S.Ct. at 1380.

Therefore, our judicial inquiry focuses upon the State's ability to prove the officer has probable cause to *associate* the party balloon with criminal activity.[1]

Probable cause in our context requires that "the facts and circumstances within the (officer's) knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a

man of reasonable caution to believe" that the balloon contained contraband. *Berger v. New York*, 388 U.S. 41, 55, 87 S.Ct. 1873, 1881, 18 L.Ed.2d 1040, 1050 (1967); *Barber v. State*, 611 S.W.2d 67 (Tex.Cr.App.1981). The issue turns to whether an officer, relying on years of practical experience and knowledge commonly accepted, has probable cause to seize the balloon in plain view.[2]

As more aptly stated by the United States Supreme Court, these principles are:

"... imperative of recognizing that, when used by trained law enforcement officers, objective facts, meaningless to the untrained, can be combined with permissible deductions from such facts to form a legitimate basis for suspicion of a particular person—and for *action* on that suspicion." (Emphasis added)

*United States v. Cortez*, —— U.S. ——, ——, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981). Accord, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 693 (1975).

Under *Cortez*, the objective and seemingly innocuous fact of a tied-off balloon combined with the permissible deduction that it is commonly linked to heroin forms a legitimate basis to the trained law enforcement officer for suspicion. This legitimate suspicion supports the probable cause element to "associate the (balloon) with criminal activity." *Payton v. New York, supra.* Thus, under the facts of our case, the seizure of the balloon in "plain view" is presumptively reasonable and should be upheld.

Indeed, this Court's prior decisions accepted such logic. In *DeLao v. State*, 550 S.W.2d 289 (Tex.Cr.App.1977), we held:

"The State urges that it is a well known fact that heroin is kept in bal-

---

1. A type of item used in the storage or transportation of contraband, or that item's transparency or opacity should be supporting facts, but not be controlling issues. The controlling facts derive from the surrounding circumstances to support or reject the "probable cause" for the seizure. See, *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Reeves v. State*, 597 P.2d 727 (Alaska 1979). Having said this, however, some objects may

be so closely associated with criminal activity as to support the probable cause element by themselves.

2. The plain view doctrine does not require an officer to have absolute proof of the incriminating nature of the balloon. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Only a chemical analysis could prove the contents to be contraband.

loons. The *officer's testimony, however, does not demonstrate that he was cognizant of this 'well known' fact or immediately aware that heroin was in the balloon at the time of the seizure. Coolidge v. New Hampshire, supra; Nichols v. State, supra,* 502 S.W.2d 169 (Tex.Cr. App.). *The seizure must be based on what was known by the officer at the time he acted,* yet this record contains not a scintilla of evidence that the officer knew what the State now alleges in its brief on appeal is a 'well known' fact. The *burden was on the State to show facts authorizing the seizure here challenged. Had the State produced any evidence on this issue, there might have been shown a basis for its claim on appeal, but this was not done.*" (Emphasis added) 550 S.W.2d at 291.

More importantly is the explicit holding of *Simpson v. State,* 486 S.W.2d 807 (Tex.Cr. App.1972). In *Simpson,* this Court unanimously upheld a warrantless seizure of "capsules" of heroin because the arresting officer recognized them as contraband. *DeLao* and *Simpson* both recognize the validity and importance in the experience and training of law enforcement officers.

These cases are clearly distinguishable from the photographic negative and translucent vial cases. Photographic negatives can and do represent such diverse subject matters that they can not warrant a "man of reasonable caution" to believe they contain contraband. Similarly, translucent vials which commonly contain legally obtained prescriptions render the presence of contraband vague and uncertain. The officer knows the vials contain drugs or even narcotics for that is their purported use. However, without other supporting facts, it is this inherent use that prevents the "man of reasonable caution" from having probable cause to believe the presence of contraband. Photographic negatives and translucent vials do not permit permissible deductions

that contraband is present. *United States v. Cortez, supra.*

Such is not the case of tied-off balloons in plain view. The use of balloons or similar containers has been shown to be commonly associated with the distribution, packaging, and transportation of controlled substances—usually heroin. See, e. g., *State v. Washington,* 117 Ariz.App. 207, 496 P.2d 633 (Ariz.App.1972) (balloons); *State v. Grady,* 548 S.W.2d 601 (Mo.App.1977) (condoms); *State v. James,* 169 So.2d 89 (La. 1964) (finger stalls). Many jurisdictions have recognized the realities of the drug culture and hold that balloons are a common package for heroin. The view I advocate is neither novel or unique. Other jurisdictions have held that a rolled, tied-off balloon *supports probable cause* and, if seen in plain view, can be validly seized under the Fourth Amendment. *Ponce v. Craven,* 409 F.2d 621 (9th Cir. 1969); *People v. Montoya,* 185 Colo. 299, 524 P.2d 76 (Colo. 1974); *State v. Broadnax,* 25 Wash.App. 704, 612 P.2d 391 (Wash.App.1980); *People v. Simmons,* 19 Cal.App.2d 960, 97 Cal.Rptr. 283 (Cal.App.1971); *People v. Garcia,* 541 P.2d 1268 (Colo.App.1975); also see, *Commonwealth v. Lawson,* 309 A.2d 391 (Pa. 1973); *Reeves v. State,* 599 P.2d 727 (Alaska 1979). Furthermore, balloons have become so well known for their relation to narcotics that they have been included in the Model Drug Paraphernalia Act (MDPA) and legislatively adopted.[3] See, *Mid-Atlantic v. Maryland,* 500 F.Supp. 834 (Md.D. 1980).

Accordingly, I would hold the seizure in plain view valid because: (1) the officer had a legitimate and prior justification for an intrusion into appellant's car (routine and non-random license check); (2) the discovery of the balloon was inadvertent; and (3) the incriminating nature of the balloon was immediately apparent *to the officer. DeLao v. State, supra.* At trial, the officer

---

**3.** Texas has recently amended the Controlled Substances Act by adding a new subsection which classifies as paraphernalia a "balloon . . . used or intended for use in packaging small quantities of a controlled substance." V.T.C.S.

Article 4476–15, Section 1.02(29)(I) (effective September 1, 1981). For other jurisdictions that have adopted similar provisions, see, *Mid-Atlantic v. Maryland, supra.*

testified that the rolled, tied-off, opaque balloon was mashed down to approximately one-eighth of an inch thick and one-half inch in length. Based on his specific knowledge and prior experience with the drug culture, the officer associated the balloon with contraband. The balloon, in plain view, formed "a legitimate basis for suspicion ... and for action on that suspicion. *United States v. Cortez, supra,* —— U.S. at ——, 101 S.Ct. at 695; *DeLao v. State, supra.*[4]

I respectfully dissent.

DALLY and W. C. DAVIS, JJ., join in this dissent.

---

4. Although the panel relies in part on *DeLao v. State, supra*, that case is clearly distinguishable. *DeLao*, however, is supportive of there being sufficient evidence to support the probable cause element to associate the balloon with criminal activity. The panel opinion overrules that language in *DeLao* expressing this Court's belief that an officer's experience and training forms a basis for justifying the seizure.