Roger MILLER, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–110–CR.

Court of Appeals of Texas,
Corpus Christi.

March 10, 1983.

---

Douglas D. Behrendt, Austin, for appellant.

Houston Munson, Dist. Atty., Gonzales, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from a conviction for possession of cocaine, punishment assessed by the jury at seven years, the sentence to be probated. We reverse and dismiss.

Appellant brings forth four grounds of error. We will address his fourth ground at the outset, since it challenges the sufficiency of the evidence. The State did not file a brief.

In ground of error number four appellant argues that his motion for instructed verdict of not guilty should have been granted based on insufficient evidence in that the State failed to prove identity of appellant as the person who committed the crime. We agree.

The only evidence offered by the State to prove identification was the testimony of the arresting officers as follows:

"Q. Is Roger Miller seated here in the courtroom?

A. [Officer Hernandez] Yes, sir; he is.

Q. Would you identify him, please sir?

A. That is Mr. Miller right there, sir.

Mr. Finley [Prosecutor]: Let the record so reflect."

and, further:

"Q. Do you know who that person was?

A. [Officer Flores] Yes, sir.

Q. Who was it?

A. It was Roger Miller, seated right there.

Q. The person you have pointed to?

A. Yes.

Mr. Finley: Let the record so reflect."

The State has the burden of showing that this appellant was the man who committed the offense charged. *Mayo v. State,* 156 Tex.Cr.R. 26, 238 S.W.2d 777 (Tex.Cr.App. 1951).

In *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr.App.1974), the following attempt at identification was made:

"Q. Now, are you acquainted—do you know Buddy McDonald?

A. Yes.

Q. Is he the man sitting right over here?

A. Yes."

The Court of Criminal Appeals stated in its opinion that this interrogation, standing alone, left open to argument whether the man identified was in fact the appellant. The Court noted further, however, that there were other witnesses in the trial who could clearly identify the appellant. Such is not the case here. The testimony of the officers quoted above is all of the evidence offered by the State on identification. The statement by the prosecutor "Let the record so reflect" is not evidence, nor is it a directive to the court reporter since the prosecutor has no standing to make such a directive. The statement is in the nature of a request that the court announce that the record *would* reflect an identification. No such response on the part of the court was forthcoming. As stated in *McDonald,* supra, the record before us leaves open to argument whether the man identified was in fact the appellant. The evidence is insufficient to prove that appellant was the person who committed the offense. Appellant's ground of error number four is sustained.

Even if the evidence had been sufficient to identify the appellant, the conviction would have to be reversed based upon appellant's first ground of error. This ground of error contends that the trial court erred in admitting into evidence (over appellant's timely objection) the cocaine, identified as State's exhibit number one, in that it was seized as a result of a warrantless and illegal search and seizure.

The record reflects that on May 1, 1980, two officers were riding together on regular patrol. At about 9:20 p.m., Officer Hernandez, the driver, turned into an alleyway and almost hit the defendant who was standing in the alley. Officer Hernandez got out of the car to ascertain whether the appellant was all right. Officer Hernandez did not have an arrest warrant or a search warrant. The officer had not been informed that the appellant had committed any felony, nor had he been informed that any crime had been committed in the area.

While talking to appellant, Officer Hernandez, being slightly taller than appellant, shined a flashlight in appellant's left front breast pocket, at which time he observed a pack of cigarettes with a small plastic package protruding from it. The package contained what was ultimately found to be cocaine.

On direct examination Officer Hernandez testified that he observed a white powdery substance inside the package. He believed it was some type of narcotic, and after taking it out and looking at it, he arrested appellant.

On cross-examination, however, Officer Hernandez testified that although he could tell it was a white powdery substance, he had no idea what the substance was, and later agreed it could have been white powdered sugar.

The basic premise in any warrantless search and seizure case is that such a seizure is per se illegal unless it falls within one of a very few specific and well established exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Since the State filed no brief, we

assume they rely, as they did at trial, on the "plain view" exception. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The "plain view" exception encompasses two criteria: the officer must be legitimately in the position to view the object, and it must be immediately apparent to him that the object is contraband. *Coolidge v. New Hampshire,* supra; *Duncan v. State,* 549 S.W.2d 730 (Tex.Cr. App.1977).

 Plain view *alone* is never enough to justify the warrantless seizure of evidence. (Emphasis in original.) *Coolidge,* supra, 403 U.S. at 468, 91 S.Ct. at 2039; *Brown v. State,* 617 S.W.2d 196 (Tex.Cr.App.1981). The plain view exception has a basic limitation upon it; it must be immediately apparent to the police that they have evidence of a crime before them. *Brown,* supra, at 200. Furthermore, the burden is on the State to show facts authorizing the seizure, i.e., that the seizing officer was aware of the prohibited nature of the seized evidence at the time he made the seizure. *DeLao v. State,* 550 S.W.2d 289, 291 (Tex.Cr.App.1977).

The Court of Criminal Appeals has refused to hold photographic negatives,[1] plastic baggies,[2] opaque party balloons,[3] or translucent prescription bottles[4] to be inherently dangerous or contraband. In *Sullivan v. State,* 626 S.W.2d 58 (Tex.Cr.App.1981), white powder was added to this list. In that case the officer saw a clear plastic bag containing a white powder. Although he testified that "in [his] personal and professional opinion [he] thought it [was] possibly [some] kind of narcotic," the court said this was only a conclusion and it *fell far short* of the State's burden to show why the conclusion was reasonable at the time of the seizure. (Emphasis supplied.) Id. at 60.

 In the case before us now, Officer Hernandez merely suspected it was a narcotic but later stated he had no idea what the substance was, that it could have been sugar and in fact that it was *not immediately apparent* to him what it was. As in *Sullivan v. State,* supra, the State failed to show that at the moment Officer Hernandez saw the cigarettes and white powder, he had any basis for believing that its contents were inherently suspicious or that it was in fact contraband. For these reasons we sustain appellant's fourth ground of error. The judgment of the trial court is REVERSED and is REFORMED to show an acquittal.

---

**1.** *Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr. App.1973).

**2.** *Duncan v. State,* 549 S.W.2d 730 (Tex.Cr. App.1977).

**3.** *Brown v. State,* 617 S.W.2d 196 (Tex.Cr.App. 1981).

**4.** *Howard v. State,* 599 S.W.2d 597 (Tex.Cr. App.1979).