**James Lee GARY, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 66260.

Court of Criminal Appeals of Texas, En Banc.

Dec. 22, 1982.

On Rehearing March 30, 1983.

Robert A. Shults, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and George McCall Secrest, Jr. & Nick Vincent, Asst. Dist. Attys., Houston, Robert Huttash,

State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS and ODOM, JJ.

OPINION

ROBERTS, Judge.

Appellant was charged with possession of methamphetamine. Before trial he filed a written motion asking the court to suppress the fruits of a certain search and seizure. The trial court denied his motion after receiving a stipulation of the evidence. Appellant then waived a jury and went to trial on a plea of nolo contendere. His plea was supported by the same stipulation of evidence. The court found him guilty. The State made a recommendation, to which appellant and his attorney agreed, that the punishment be six years' confinement and a five hundred dollar fine, both probated. The court followed the recommendation. Pursuant to Article 44.02, V.A.C.C.P., appellant now seeks a reversal of his conviction, solely on the ground of the allegedly illegal search.

At the outset, we reject the State's contention that "the search issue at bar has not been preserved for review." According to the State, the stipulation of the evidence constituted a judicial confession sufficient to support the plea, independent of any evidence gained from the search. Upon examination, however, we discover that appellant nowhere testified that the allegations against him were "true and correct." Cf. *Dinnery v. State,* 592 S.W.2d 343, 352 (Tex.Cr.App.1980) (Opinion on motion for rehearing). Moreover, the written stipulation [1] contains no statement that could be classified as a judicial confession, and was clearly not regarded as such by the trial court or the parties.[2] See *Brown v. State,*

---

1. In the stipulation, appellant agreed that one of the officers who arrested him, Officer Kilty, would testify to certain facts, which will be set out shortly. Appellant also stipulated that a police chemist, if called, would testify that a substance found in a bag in appellant's car was "identified by testing as methamphetamine."

2. When the trial court asked appellant if he understood that he was "making a judicial confession to the facts of this case," appellant's attorney interrupted: "Your honor, I'm sorry we're not making a judicial confession. We're stipulating as to what the officer would testify if called to testify in Court. There is a slight difference. I think that will suffice for pur-

617 S.W.2d 196, 198–99 (Tex.Cr.App.1981), *cert. granted,* 457 U.S. 1116, 102 S.Ct. 2926, 73 L.Ed.2d 1328 (1982).[3] As in *Brown,* "appellant has successfully navigated the procedurally hazardous passageway of Article 44.02...." *Id.* at 199.

This procedural victory avails appellant little, however, because we find that the case is governed by *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In *Belton,* the Supreme Court held as follows:

"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

"It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. *United States v. Robinson,* [414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427], supra; *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." *Id.* at 453 U.S. 460–61 at 101 S.Ct. 2864 (footnotes omitted).

The statement of facts in appellant's brief in this case reads:

"Both the hearing on Appellant's Motion to Suppress and the trial to the court on Appellant's plea were conducted based upon an agreed stipulation of the testimony that would be forthcoming from witnesses for the State if they were called to testify (R. 25, 33). The stipulation is set out in the record as Defense Exhibit No. 1. That document shows that the State's witness, Officer Kilty, would have testified that he stopped the Appellant's automobile on September 22, 1979 for a traffic violation. Upon approaching the vehicle, he saw that Appellant was the driver and sole occupant of the car. Kilty further noticed a pistol, in plain view, lying on the rear seat of the automobile. Appellant was then arrested for carrying a weapon and was placed in the patrol car.

"After Appellant's arrest, the officers searched his vehicle and found a closed or zipped bank bag on the front seat (See Defendant's Exhibit No. 2). Upon opening and searching the interior contents of the bag, Officer Kilty found the substance which a police chemist would have testified was methamphetamine. The officers then arrested Appellant for the controlled substances offense, and one of the officers drove Appellant's vehicle to the police station."

Since appellant does not challenge the initial stop of his vehicle or his arrest, *Belton* is the death rattle of his claim that the warrantless search of the bag was illegal.[4]

The trial court's judgment is affirmed.

*Cf. McGlynn v. State* (Tex.Cr.App.1982) (Opinion No. 67,435, delivered September 15, 1982).

---

poses of the plea." In its brief, the State acknowledges that appellant's counsel said this but sees nothing of import. The State leaves out of its brief what the prosecutor said immediately afterwards: "That's agreeable, Your Honor." We will take the prosecutor at his word.

3. *Brown* also disposes of the State's assertion that since the alleged contraband was not itself introduced into evidence, appellant cannot complain. The stipulation as to the chemist's testimony was designed as a substitute for the introduction of the purported contraband, and of course such testimony would have been a fruit of the search. See *Brown,* supra, at 198;

4. We note that appellant has never invoked Article 1, Section 9 of the Texas Constitution (indeed, his pretrial motion to suppress cites no provision from *any* constitution). Accordingly, we have no occasion to consider whether our own constitution provides any greater protection than that vouchsafed by *Belton.* For my own part, I cannot understand why containers in the trunk of one's car, but not those in the passenger compartment, are protected by the warrant requirement. See *Belton,* supra, at 453 U.S. 460, n. 4 at 101 S.Ct. 2864, n. 4.

Before the Court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

CAMPBELL, Judge.

The appellant was charged with possession of methamphetamine. Before trial he filed a written motion asking the court to suppress the fruits of a certain search and seizure. The trial court denied his motion after receiving a stipulation of the evidence. Appellant then waived a jury and went to trial on a plea of nolo contendere. His plea was supported by the same stipulation of evidence. The court found him guilty and, upon the State's recommendation, the court assessed punishment at six years confinement and a five hundred dollar fine, the former being probated for five years. Pursuant to Art. 44.02, V.A.C.C.P., appellant now seeks a reversal of his conviction, based solely on the ground of the allegedly illegal search.

On original submission a panel opinion affirmed the conviction, relying on the Supreme Court's opinion in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 49 L.Ed.2d 768 (1981). On rehearing, we find the facts in the instant case distinguishable from those in *New York v. Belton,* supra. However, we find that the search was proper according to the principles announced in *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), and affirm.

The written stipulation introduced into evidence to which the appellant agreed reads:

"The Defendant was driving his automobile on a public street in Harris County, Texas, on September 22, 1979 at approximately 9:30 p.m. when he was stopped by two officers of the Houston Police Department. One of the officers was Officer Kilty.

"If Officer Kilty were called to testify, he would testify that the Defendant was stopped initially because the Officers observed him run a red light at a controlled traffic intersection. He would further testify that the officer's partner approached the Defendant's automobile to speak with the Defendant and to issue him a traffic citation. At this point in time, the Defendant had exited his automobile was standing near the rear of his vehicle. As the officers looked into the Defendant's automobile, they saw a pistol lying, in plain view, on the back seat of the automobile.

"The officers then placed the Defendant under arrest for carrying a weapon and subsequently placed him in the police vehicle. While one of the officers was placing the Defendant in the police vehicle, the other officer began a search of the interior of the Defendant's automobile. On the front seat of the automobile, the officers found a closed or zipped bank bag, which bag will be introduced into evidence as Defense Exhibit No. 2. The officer opened this bag, searched it and found a substance which a Houston Police Department chemist, if called to testify, would state was identified by testing as methamphetamine. The Defendant was then told that he was under arrest for possession of a controlled substance.

"Since the Defendant was the sole occupant of his automobile, the officers took the car to the police compound after the Defendant's arrest while one of the officers drove the police vehicle to the police station."

The appellant's motion to suppress raised the contention that the search of the zipped and closed bank bag found on the front seat of the appellant's car was not a lawful search since it was conducted without probable cause, without a warrant, and without any justification that would excuse the ob-

Under the fiction created in *Belton,* after all, it does not matter whether containers are actually within the "area of immediate control." That being so, why does the new fictional area not extend to the trunk? (I do not see why one has more of a privacy interest in luggage in the

trunk than in luggage elsewhere; to me the expectations are the same.) Perhaps the court will one day have occasion to consider, en banc, this and other riddles of *Belton,* as a matter of Texas law.

taining of a warrant. We disagree. The State during the hearing on the appellant's motion to suppress argued that the search was a valid inventory, pursuant to impoundment of the automobile. Such inventory searches have been held as not being in violation of the Fourth Amendment to the United States Constitution. *South Dakota v. Opperman,* supra. The appellant does not allege or argue that the inspection of the bank bag was "a pretext concealing an investigatory police motive." *South Dakota v. Opperman,* supra, 96 S.Ct. at 3100. We are left with the issue of whether or not the car was legally impounded. *Daniels v. State,* 600 S.W.2d 813 (Tex.Cr.App.1980).

The appellant was placed under custodial arrest. There was no one to whom the police could have given possession of the automobile. *Daniels v. State,* supra. The inventory was prompted by the presence of valuables in the car. The police would have been derelict in their duty had they left the automobile on the street with a bank bag lying on the front seat. The inventory of the contents of the bag was clearly not excessive; the bag's purpose is to hold money or other valuable papers, and the policy considerations of protecting the owner's property and protecting the police against claims of lost and stolen property are clearly invoked in this situation. See *South Dakota v. Opperman,* supra. The bank bag and its contents were lawfully seized.

The appellant's motion for rehearing is overruled.

CLINTON, Judge, dissenting.

I do not join in tolling the deathknell for the Fourth Amendment and Article I, § 9, Texas Bill of Rights *vis a vis* papers, posses-

sions and effects placed in a motor vehicle with a reasonable expectation of privacy in their content by a citizen who then is stopped for a traffic violation (other than speeding) while driving alone in a public way.[1] When appellant's security against deprivation of privacy rights is so easily shattered because "[t]here was no one to whom the police could have given possession of the automobile" being operated solo by him as he ran a red light, motor vehicles belonging to each of us have been effectively removed from the protections otherwise afforded by the constitutional guarantees against unreasonable search and seizure.[2]

I dissent.

TEAGUE, J., joins.

---

**1.** The stipulation between the parties is that officers placed appellant under arrest "for carrying a weapon"—without any demonstrated consideration of circumstances rendering that act unlawful or "innocent" by way of one or another provision of V.T.C.A. Penal Code, § 46.03. But be that as it may, the officers were still authorized to effect a custodial arrest for the traffic violation, so that even without the weapons offense the citizen still loses his rights to privacy.

**2.** Often overlooked is that after the Supreme Court of the United States upheld an inventory search of an automobile impounded under police caretaking procedures, in *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the Supreme Court of South Dakota held it to be an unreasonable search under its state constitution. *State v. Opperman,* 247 N.W.2d 673 (S.D.1976). To protect the rights to privacy of our own citizens this Court would do well to emulate South Dakota.