Anselmo Pina GONZALES, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–322CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 19, 1983.

Rehearing Denied June 16, 1983.

Discretionary Review Denied
Nov. 16, 1983.

Motion for Rehearing on Petition
for Discretionary Review Denied
Dec. 21, 1983.

Allen Isbell, Houston, for appellant.

Timothy Taft, Carl Hobbs, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

■ This appeal follows conviction on a plea of nolo contendere for the offense of possession of methadone, a controlled substance. Punishment was ten years imprisonment. Appellant raises three grounds of error. The first two allege that there was insufficient evidence to prove either that the substance seized was methadone, or that the appellant actually possessed it. We are jurisdictionally precluded from considering these insufficiency of evidence points because they were not properly preserved for appeal in accordance with TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Appellant alleges in his third ground of error that the court erred by denying his pretrial motion to suppress the evidence seized because it was the fruit of an illegal arrest. We sustain this ground of error. The judgment is reversed and remanded.

We summarize the relevant facts for clarity. Appellant, Anselmo Gonzales, was arrested as he left Ray's Drive-In on Lyons Street in Houston by robbery detective I.O. Franks. The arrest was for suspicion of robbery, and was the culmination of an hour long surveillance conducted by Officers Franks and Service. Their surveillance and subsequent arrest of appellant was based on unspecified information received by Officer Franks that two robbery suspects were inside a house in the 7000 block of San Angelo Street in Houston. Further unspecified information had been received by the officers concerning a yellow station wagon, which the appellant was driving immediately prior to his arrest. Appellant left the house in the station wagon with a friend, Josephine Damion, and her daughter, Monica age 9. They arrived at Ray's Drive-In, where appellant left the car and entered to purchase a coke for Monica. As he left the store, he was arrested by Officer Franks. Franks then took appellant back to the parked station wagon. Josephine Damion and Monica were in the front seat. When they arrived at the car, the officer saw two plastic bottles half-filled with an orange substance. The bottles were lying on their side in the middle of the floor board on the driver's side. Each was approximately two inches tall and half full, but Officer Franks could not remember whether they were clear or opaque. He believed the orange substance to be methadone and based that belief on "prior narcotics experience".

Appellant properly filed his pretrial motion to suppress this evidence on the grounds that the evidence was the result of an illegal arrest and seizure. After a hearing thereon, the court denied the motion. Appellant's counsel then advised the court that the appellant desired to enter a plea of nolo contendere pursuant to a plea bargain agreement and subject to preserving his appeal of the court's ruling on the motion to suppress. The court then examined the appellant as to the nature and effect of his plea, and admonished him in accordance with TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1979). Following which, the

court accepted his plea, and pronounced sentence of ten years in accordance with the plea bargain agreement.

■ Before we can reach the merits of the court's ruling on the motion to suppress, we must determine if appellant's plea is supported by evidence which is independent of the matter contested in the hearing conducted thereon. This is necessary because even an erroneous ruling on the motion to suppress is considered harmless error if there is other independent evidence to support the plea. *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr. App.1979). Normally, we search the record in plea cases for a judicial confession, which standing alone is sufficient to show guilt. *Galitz v. State, supra.* It may consist of a written stipulation or oral testimony by the defendant admitting the elements of the offense.

■ In the present case we find no such independent evidence, nor a judicial confession. The only evidence which might be so construed was State's Exhibit No. 1, which was admitted by agreement. This document, signed by appellant and the State, was titled, "Waiver of Constitutional Rights & Agreement to stipulate and Judicial Confession." However, it was specifically corrected to strike out the admission that the charges were true. The title "Judicial Confession" remained in the document, but standing alone, it is inconsequential.

The only relevant evidence then remaining in this case is the testimony of Officer Franks, which was elicited as a part of the hearing on the motion to suppress. We now examine that evidence to see if it passes constitutional muster in connection with appellant's attack on it by the motion to suppress.

■ Inasmuch as the only evidence was obtained through a warrantless arrest and a subsequent seizure, we must first examine the circumstances of the arrest and the resultant seizure. In looking at the seizure first, the only possible justification for tak-ing the bottles allegedly containing methadone is the plain view doctrine, *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; *Lewis v. State*, 439 S.W.2d 351 (Tex.Cr.App.1969). Before this doctrine can be relied on, the state must show that the officer had a right to be where he made the observation of the alleged contraband. *Clark v. State*, 548 S.W.2d 888 (Tex. Cr.App.1977). Further, it must be immediately apparent to him that the substance viewed is contraband. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Brown v. State*, 617 S.W.2d 196 (Tex.Cr.App.1981); *Howard v. State*, 599 S.W.2d 597, 603 (Tex.Cr.App. 1979).

■ The critical question is the legality of the arrest because Officer Franks was only near the car as a result of it. Appellant was not in, or near, his automobile when arrested. He was not violating any law to justify his arrest. The police had no reason to suspect that narcotics were in the vehicle. The officers' only basis for watching and ultimately arresting appellant was their belief that two robbery suspects were in the house at 7500 San Angelo Street. There is no evidence as to the source of their belief. It is well settled that inarticulate suspicions or beliefs are not legal justification for an arrest. *Ebarb v. State*, 598 S.W.2d 842, 844 (Tex.Cr.App. 1980). Further, the officers testified that they had observed appellant for an hour, but they did not have time to get an arrest warrant.

This case somewhat parallels *Ebarb v. State, supra*, where the police observed a pistol in plain view after an investigative stop based solely on information received from someone unnamed. The court ruled that since there was no testimony that would enable the court to evaluate the reliability of the information or the informant, the pistol found as a result of the stop should have been suppressed. *See also Wilson v. State*, 621 S.W.2d 799 (Tex.Cr. App.1981). The case here is even weaker. Officer Franks gave no indication where the information came from, only that they

had received information concerning two robbery suspects. Further, the information did not even relate specifically to the appellant. We find that appellant's arrest was illegal, and except for the arrest, the officer would not have been in a position to view the bottles allegedly containing methadone. The first requirement of the plain view doctrine, that the officer had a right to be where he was, fails.

However, even if we concede the state's argument that Officer Franks had a right to be in that position, the plain view concept would not justify the seizure because it must have been immediately apparent to the officer that the substance was methadone. *Brown v. State, supra.*

Officer Franks saw two plastic bottles half-filled with an orange substance which he believed was methadone. He based his belief on prior narcotics experience. Other than Officer Franks, the State called no one to testify as to the nature of the substance seized. We do not believe that even an experienced officer can look at an orange substance inside a plastic bottle and make an immediate rational determination that the substance therein is methadone. In prior cases, the Court of Criminal Appeals has held that an officer may be qualified to testify that a green leafy substance is marihuana, but he is not qualified to look at a white or brown powder and testify that it is heroin. *Curtis v. State,* 548 S.W.2d 57 (Tex.Cr.App.1977); *Duran v. State,* 552 S.W.2d 840 (Tex.Cr.App.1977). It is unrealistic to suggest that the officer can look at an orange colored substance inside two small bottles and be immediately aware that the substance is methadone, rather than some other similar substance. We find the plain view doctrine inapplicable to justify the seizure in this case. The motion to suppress should have been granted.

As previously stated, we are precluded from considering appellant's insufficiency of the evidence points by the terms of TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979), which requires the trial court's permission before defendant can appeal such questions. However, if these points were properly before us we would find the evidence insufficient to sustain the conviction.

As the admission of the unlawfully seized evidence was trial error, the proper remedy is to reverse the conviction and remand the case for new trial. *Collins v. State,* 602 S.W.2d 537 (Tex.Cr.App.1980).

Accordingly, we reverse and remand.

## ON MOTION FOR REHEARING

Appellee's Motion for Rehearing and Supplement, directs our attention to the recent opinion of the U.S. Supreme Court in *Texas v. Brown,* — U.S. ——, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The "plain view" doctrine is now modified to the extent that it is unnecessary for it to be "immediately apparent" to the police officer that the substance in plain view is contraband. The first requirement of the doctrine, however, remains intact: the officer must still be lawfully in the position from which he views the item seized. *Id.* at 1541. Accordingly, our original judgment remains unchanged. The officer here was only in position to view the substance seized because he was carrying out an illegal arrest of the appellant. The "plain view" doctrine, even as modified, provides no justification for this seizure.

The Motion for Rehearing is denied.