**William BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 230–85.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1985.

---

E. Dean Roper, Jeff Blackburn, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., and Daniel L. McBride, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

CLINTON, J., dissents and is joined by TEAGUE and MILLER, JJ.

CLINTON, Judge, dissenting.

In deciding whether a confession taken from appellant was fatally tainted by events preceding it the Amarillo Court of Appeals resolved two constitutional challenges under one analysis "because appellant's protections under the Art. 1, § 9 are *the same* as his Fourth Amendment protections. *Brown v. State*, 657 S.W.2d 797, 798–799 (Tex.Crim.App.1983)." *Bennett v. State*, 686 S.W.2d 235 (Tex.App.—Amarillo 1984).[1] In his petition for discretionary review appellant questions verity of that statement. I would grant review to answer his question.

First off, the pages cited by the Amarillo Court of Appeals are in a plurality opinion of this Court. On the proposition laid down the vote was four to four with one Judge concurring in the result only. Though not articulated in these words, the latter four believed with Professor Edward H. Levi that "change of mind from time to time is inevitable when there is a written constitution; also "there is the influence of constitution worship [that] gives great freedom to a court. It can always abandon what has been said and go back to the written instrument itself. [A] written constitution, which is frequently thought to give rigidity to a system, must provide flexibility if judicial supremacy is to be permitted."[2]

Second, *Brown v. State*, 617 S.W.2d 196 (Tex.Cr.App.1981) and *Texas v. Brown*, 460

---

1. All emphasis is mine throughout unless otherwise indicated.

2. Levi, An Introduction to Legal Reasoning, 15 U.Chi.L.Rev. 501, 541–542 (1948).

U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), dealt solely with a seizure of a tangible item—a tied off balloon—under the "plain view" *exception* to Fourth Amendment protections judicially fashioned by the Supreme Court itself and further explicated by it in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Here we have an entirely different scenario: a forcible warrantless entry into a private residence followed by a warrantless arrest of appellant. Protections guaranteed by Article I, § 9, of our Bill of Rights are definitely implicated. *Heath v. Boyd*, 141 Tex. 569, 175 S.W.2d 214 (1943):

> "Art. 1, sec. 9, of the Constitution of Texas ... guarantees that the people shall be secure in their persons from all unreasonable seizures. Therefore, despite obiter dicta expressions to the contrary in a few cases, our courts, both civil and criminal, have consistently said that the arrest of a citizen without warrant is an unreasonable seizure of his person, unless it is expressly authorized by statute. [A host of citations omitted.]"

*Id.*, S.W.2d at 215.

Because the majority refuses to address the question presented in its proper context, I respectfully dissent.

TEAGUE and MILLER, JJ., join.

