NUMBER 13-03-383-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ANDRE ADAMS,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 262nd District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
            In a single issue, appellant, Andre Adams, challenges the trial court’s denial of his
motion to suppress. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
          Appellant filed a motion to suppress a bottle containing PCP seized from his vehicle
shortly after his arrest, arguing it was the product of an illegal search and seizure. The
State argues that appellant failed to preserve any error by failing to object to the testimony
of two witnesses concerning the bottle. The trial court, after hearing arguments outside the
presence of the jury, denied appellant’s motion. After the motion was denied, the officer
who conducted the search testified that he seized the bottle from appellant’s car. A police
chemist then verified the contents of the bottle as PCP, and it was admitted into evidence. 
Appellant objected to the admission of the bottle on chain-of-custody grounds, but made
no objection on grounds of improper search and seizure. 
          To preserve error where a motion to suppress has been denied, there is no
requirement that appellant later object at trial to either the admission of the evidence he
sought to suppress, or to testimony concerning the evidence. Moody v. State, 827 S.W.2d
875, 889 (Tex. Crim. App. 1992); Wilson v. State, 857 S.W.2d 90, 93 (Tex. App.–Corpus
Christi 1993, pet. ref’d). However, if at the time the evidence is admitted, appellant
affirmatively states “no objection,” any previous objection to the admission of the evidence
is withdrawn, and any error in its admission is not preserved. See Moody, 827 S.W.2d. at
889. 
          Here, the trial court’s denial of appellant’s motion to suppress was sufficient to
preserve any error regarding the seizure of the evidence. See id. Appellant was not
required to object to the officer’s testimony. See id. Although appellant objected to
admission of the evidence on chain-of-custody grounds, he did not affirmatively state “no
objection.” See id. Thus, by obtaining a ruling on the motion to suppress, appellant
properly preserved for review any error concerning the admission of the seized evidence. 
Id. We now address the merits of appellant’s arguments.
          Appellant argues that the search of his vehicle was neither a proper search incident
to an arrest, nor a proper search incident to a lawful impoundment of a vehicle. 
Standard of Review
          When reviewing a ruling on a motion to suppress, we apply a bifurcated standard
in which we afford almost total deference to a trial court’s factual determinations, but review
de novo how the court applies the law to those facts. Guevara v. State, 97 S.W.3d 579,
582 (Tex. Crim. App. 2003); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
If a trial court fails to make explicit findings of fact, we must view the evidence in the light
most favorable to the trial court’s ruling and assume the trial court made implicit findings
of fact that are supported by the record. Balentine v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).
Search Incident to an Arrest
          In his first subissue, appellant argues that the search of his vehicle was an unlawful
search incident to an arrest. Specifically, appellant argues that Officer Palomo’s search
of the vehicle was neither sufficient in spatial nor temporal proximity to his arrest. 
          When an officer lawfully arrests a vehicle’s occupant or recent occupant, the officer
may then perform a search, incident to the arrest, of the vehicle’s passenger
compartment.


 See New York v. Belton, 453 U.S. 454, 460 (1981). Generally, cases
employing Belton’s rationale involve arrestees who are inside the vehicle when an officer
first detains them. See, e.g., Gary v. State, 647 S.W.2d 646, 647. However, when an
arrestee is detained outside of the vehicle, Belton’s rationale still applies if the arrestee is
considered a “recent occupant.” See Thornton v. United States, 124 S.Ct. 2127, 2129
(2004); Gauldin v. State, 683 S.W.2d 411, 414 (Tex. Crim. App. 1984), rev. on other
grounds, State v. Guzman, 959 S.W.2d 631 (Tex. Crim. App. 1998); State v. Kelly, 963
S.W.2d 866, 869 (Tex. App.–San Antonio 1998, no pet.).
          In determining if a person is considered a “recent occupant” under Belton, we
analyze factors such as temporal and spatial proximity to the vehicle. See Gauldin, 683
S.W.2d at 414. Additionally, we examine any evidence of flight or any indication that
appellant quickly exited his vehicle in an attempt to avoid contact with the police. Kelly,
963 S.W.2d at 869; Pettigrew v. State, 908 S.W.2d 563, 570 (Tex. App.–Fort Worth 1995,
pet. ref'd.).
           The record reflects that appellant attempted to avoid detection by the authorities. 
See Pettigrew, 908 S.W.2d at 570. Appellant left the scene after crashing his vehicle into
a fence. He drove to a nearby apartment complex, where paramedics witnessed him
suspiciously fleeing his vehicle. Shortly thereafter, police found appellant hiding nearby. 
We conclude that appellant was a “recent occupant” such that the rationale of Belton
applies, see Gauldin, 683 S.W.3d at 44; see Belton, 453 U.S. at 460, and that the search
of appellant’s vehicle, pursuant to his arrest, was lawful. See Belton, 453 U.S. at 460. 
Viewing the evidence in the light most favorable to the trial court’s ruling, see Balentine,
71 S.W.3d at 768, we hold the trial court did not err in denying appellant’s motion to
suppress. 
          Appellant relies on Kelly, 963 S.W.2d at 869, which performed a “recent occupant”
analysis based upon disputed facts regarding appellant’s temporal and spatial proximity
to the vehicle. Id. In Kelly, our sister court affirmed a trial court order suppressing
evidence, holding that the trial court correctly found that the arrestee was no longer a
recent occupant of the vehicle. Id. at 870. The arrestee had been out of the vehicle for
approximately ten to fifteen minutes before his arrest, and had entered his home once or
twice. The Kelly court reviewed the “record in the light most favorable to the trial court’s
ruling in concert with the recognized justification underlying the warrantless search.” Id. 
The court reasoned that the arrestee was sufficiently removed from his vehicle in time and
space that he was not a “recent occupant.” Id.
          Appellant argues that because there is evidence that he was outside of his vehicle
for an amount of time comparable to that in Kelly, he cannot be deemed a “recent
occupant” of the vehicle. We disagree. 
          In Kelly, our sister court, as it was required to do, reviewed the evidence in the light
most favorable to the trial court’s ruling, see Balentine, 71 S.W.3d at 768, and affirmed the
trial court’s order suppressing the evidence. In the instant case, the trial court denied
appellant’s motion to suppress. The trial court was best positioned to evaluate the
evidence and determine the amount of time that likely elapsed from appellant exiting his
car and his arrest. Though appellant did distance himself from the vehicle, the record
reflects that he abandoned the car, fled suspiciously, and hid to avoid detection. Viewing
the evidence in the light most favorable to the trial court’s ruling, we conclude that the trial
court was free to find, based on the evidence, that appellant was the car’s “recent
occupant.” Accordingly, we hold that the officer was authorized to perform a search of
appellant’s vehicle.
Lawful Impoundment
          In his second subissue, appellant argues that the impoundment of his vehicle was
unlawful, and that evidence seized pursuant to the resulting inventory search was therefore
improperly admitted into evidence.
          Before an inventory of the contents of a vehicle may be conducted, there must be
a lawful impoundment. Mayberry v. State, 830 S.W.2d 176, 179 (Tex. App–Dallas 1992,
pet. ref’d.) (citing South Dakota v. Opperman, 428 U.S. 364, 375-76 (1976); Benavides v.
State, 600 S.W.2d 809, 810 (Tex. Crim. App. [Panel Op.] 1980)). For an impoundment to
be lawful, the seizure of the vehicle must be reasonable under the Fourth Amendment. 
Benavides, 600 S.W.2d at 811. 
          There are several factors that courts consider in determining the reasonableness
of an impoundment: (1) the availability of someone at the scene of the arrest to whom the
officers could have given possession of the vehicle; (2) whether the vehicle was impeding
the flow of traffic or was a danger to public safety; (3) whether the vehicle was locked; (4)
whether the detention of the arrestee would likely be of such duration to require the police
to take protective measures; (5) whether there was a reasonable connection between the
arrest and the vehicle; and (6) whether the vehicle was used in the commission of a crime. 
Mayberry, 830 S.W.2d at 180.
          Applying these factors, we conclude that the impoundment of appellant’s vehicle
was lawful. The record reflects that there was no one available to whom officers could
have given possession of appellant’s vehicle, and that appellant’s detention likely would
be of a significant duration. Id. The record also demonstrates that appellant, while under
the influence of PCP, crashed his vehicle into a fence. Thus, the vehicle was used in the
commission of a crime, and there was a sufficiently reasonable connection between
appellant’s arrest and his vehicle. Id. Accordingly, viewing the evidence in the light most
favorable to the trial court’s ruling, we conclude that the trial court did not err in finding the
impoundment of appellant’s vehicle lawful.
          Appellant’s sole issue is overruled and the judgment of the trial court is affirmed. 
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
26th day of August, 2004.