Charles E. BOYD, Appellant,

v.

The STATE of Texas, Appellee.

No. 60795.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 23, 1981.

Neil Siegel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TEAGUE and DALLY, JJ.

## OPINION

ROBERTS, Judge.

The appellant was found guilty of the offense of possession of heroin. A jury assessed punishment at ten years' confinement; probation was granted. In his sole ground of error the appellant contends that the trial court erred in denying his motion to suppress evidence seized at the time of his arrest.

On May 12, 1977, three El Paso police officers set up surveillance of the Alemeda Cafe; the officers had been informed that Alfredo Carreon was selling narcotics out of the cafe. During their surveillance the officers observed Carreon give several individuals small tinfoil bindles in exchange for money. Shortly after 3:30 p. m. the officers observed the appellant enter the cafe, give Carreon money, and receive two tinfoil bindles in return. The appellant was apprehended by the officers when he attempted to return to his automobile parked outside the cafe. Officer Nash removed the two bindles from the appellant's vest pocket; subsequent chemical analysis showed the bindles' contents to be heroin.

At trial one of the arresting officers testified that he was familiar with the packaging of heroin. He stated that heroin is normally packaged in balloons or tinfoil bindles.

Initially we observe that the search of the appellant's pocket was a lawful search incident to arrest so long as the arrest was proper. Thus the admissibility of the evidence seized must turn upon the legality of the appellant's arrest. The State seeks to uphold the warrantless arrest under Article 14.01(b), V.A.C.C.P., which provides:

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

The appellant contends that his conduct preceding the arrest, receiving tinfoil bindles in exchange for money, did not provide the necessary probable cause for the officers' apparent belief that an offense had been committed within their view.

In considering a related issue this Court has held that an officer's seizure of a balloon containing heroin could not be sustained under the "plain view" doctrine where the officer failed to testify that he was cognizant of the "well known" fact that heroin is kept in balloons. *Brown v. State,* 617 S.W.2d 196 (Tex.Cr.App.1981); *Delao v. State,* 550 S.W.2d 289 (Tex.Cr.App. 1977). Absent such testimony the State fails to sustain its burden of showing that what was in plain view was evidence of a crime or criminal activity.

In the instant case, however, the officer testified that he was aware that heroin is normally kept in either balloons or tinfoil bindles. This knowledge gave meaning to the activities observed. The observed exchanges of money for tinfoil bindles coupled with the officer's knowledge that heroin is normally packaged in tinfoil bindles was sufficient to provide probable cause to believe that an offense had been committed. *See* W. LaFave, 1 *Search & Seizure* 654–655 (1978). The appellant's warrantless arrest was proper under Article 14.01(b).*. No error in the admission of the evidence seized as the result of that arrest and the subsequent search incident thereto is shown.

The judgment is affirmed.

---

* The appellant's further contention that the State was not justified in making a warrantless arrest because there was sufficient time in which to obtain a warrant is without merit.