Edward James SULLIVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 68412.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 9, 1981.

Rehearing Denied Jan. 20, 1982.

Thomas S. Berg, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Alvin M. Titus, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a revocation of probation. On May 1, 1980, the appellant pleaded guilty to the offense of possession of methamphetamine. He was placed on probation for ten years. On May 6, 1980, the State filed a motion to revoke probation. The motion alleged that the appellant had, on or about May 4, 1980, possessed

methamphetamine. The appellant pleaded not true, but, after hearing the State's evidence, the court granted the motion. Punishment was assessed at confinement for ten years.

The appellant contends that the trial court abused its discretion in revoking his probation because the evidence was the result of an illegal search and seizure.

On May 4, 1980, at about 4:30 a. m., two Houston police officers were sent to the scene of a minor traffic accident. When they arrived they saw the appellant, the apparent driver of one of the cars, trying to change a flat tire on his car. The officers asked the appellant for some identification; he produced for them his driver's license.

While Officer Spear spoke with the appellant, Officer Roehling walked around the car to check for "damage or anything else." Roehling stated that he suspected that the appellant was intoxicated "or something of that nature" and that he "looked around for anything to more or less support that fact."

Through the open driver's door on the car, Roehling observed a zippered pouch on the passenger side of the front seat. The pouch was partially unzipped. Through about a two-inch opening in the pouch, Roehling saw a dark brown bottle and a clear plastic bag containing a white powder. Roehling then picked up the pouch and "confronted the suspect with it at that time." The appellant asserted that the pouch contained sugar.

The two police officers then examined the contents of the pouch more carefully. It was ultimately found to hold the brown bottle containing 89 capsules which were deep purple in color, two vials containing white powder, and three clear plastic bags containing white powder.

After this examination, the appellant was arrested for "suspicion of narcotics."

Subsequent laboratory analysis showed that the 89 capsules found in the brown bottle contained *no* controlled substance. The white powder from one vial was methamphetamine; the white powder from the other vial contained *no* controlled sub-

stance. Of the three plastic bags, one contained *no* controlled substance. The other two contained methamphetamine.

At the hearing on the motion to revoke, the trial court heard the appellant's motion to suppress along with the State's motion to revoke. At the conclusion of the State's case, the court suppressed all the items seized from the appellant's car except the two clear plastic bags shown to contain methamphetamine.

The only question presented by this appeal is whether these two plastic bags containing methamphetamine were the products of an illegal search or seizure. If so, the trial court abused its discretion in revoking the appellant's probation; there was no other evidence before the court upon which to base its revocation order.

The basic premise in any warrantless search and seizure case is that such a seizure is per se illegal unless it falls within one of a very few specific and well-established exceptions. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The exception urged by the State in this case is that allowing the police to seize evidence found in plain view without a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). However, "plain view *alone* is never enough to justify the warrantless seizure of evidence." *Id.* at 468, 91 S.Ct. at 2039 (plurality opinion). The plain view exception has a basic limitation upon it: it must be immediately apparent to the police that they have evidence of a crime before them. *Brown v. State*, 617 S.W.2d 196 (Tex.Cr.App.1981); *Howard v. State*, 599 S.W.2d 597 (Tex.Cr.App.1980). Furthermore, it is the State's burden to show that the seizing officer was aware of the prohibited nature of the seized evidence at the time he made the seizure. *DeLao v. State*, 550 S.W.2d 289 (Tex.Cr.App.1977). Our inquiry then focuses on whether the State met its burden in this case.

Officer Roehling was able to see two items in the zippered pouch before he seized it and examined its contents: a brown bot-

tle and a clear plastic bag containing a white powder. He conceded that he could not tell what was inside the bottle until he removed it from the pouch and examined its contents. Furthermore, this Court has held that the viewing of an unopened, translucent pill bottle cannot, without more, justify a subsequent seizure. *Howard v. State*, 599 S.W.2d 597 (Tex.Cr.App.1980); *Thomas v. State*, 572 S.W.2d 507 (Tex.Cr.App.1976).

As for the other item, we have held that a clear plastic bag is not an object that is inherently dangerous, contraband or stolen goods. *Duncan v. State*, 549 S.W.2d 730 (Tex.Cr.App.1977). We are unwilling to hold that white powder is any different.

We have, however, recognized that objects which are not inherently suspicious can become so under certain circumstances. Thus, the State can show that the seizing officer was aware, at the time of the seizure, that contraband drugs are commonly packaged in a particular manner. *Boyd v. State*, 621 S.W.2d 616 (Tex.Cr.App.1981); *Brown v. State*, 617 S.W.2d 196 (Tex.Cr.App.1981); *DeLao v. State*, 550 S.W.2d 289 (Tex.Cr.App.1977). This specialized knowledge, in combination with suspicious facts and circumstances, can sustain the State's burden of proof.

In this case the State did not show that Officer Roehling had such specialized knowledge. He did state, "[U]pon seeing it in my personal and professional opinion I thought it may possibly be some kind of narcotic." This is no more than a conclusion. It falls far short of the State's burden to show why the conclusion was reasonable at the time of the seizure.

Furthermore, the record does not demonstrate any suspicious facts or circumstances surrounding the seizure of the pouch. Roehling conceded that a traffic accident was not unusual in Houston, and that there was nothing unusual about the appellant changing his tire. There was no testimony that the appellant attempted to flee the two police officers, or that he made any "furtive gestures" when they arrived. Although Roehling testified that he thought the appellant was intoxicated, he offered no description of the appellant's appearance, speech, or demeanor, or any other facts which would support this conclusion.

It is, therefore, clear that the State failed to show that at the moment the zippered pouch came into "plain view," Officer Roehling had any basis for believing that its contents were inherently suspicious or that they were in fact contraband. The State failed to sustain its burden of showing that what was in plain view was evidence of a crime or criminal activity.

The court, therefore, erred in admitting into evidence any of the items seized by Officer Roehling. Since the court had no other evidence before it upon which to base its revocation order, we hold that it was an abuse of discretion to revoke the appellant's probation.

The judgment is reversed.