**Donnell TOWNSEND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0170–CR.**

Court of Appeals of Texas,
Tyler.

June 30, 1983.

Harry Heard, Longview, for appellant.

Carter Beckworth, Longview, for appellee.

COLLEY, Justice.

Appellant was convicted by a jury of the offense of burglary of a vehicle and punishment was assessed by the court at four years confinement in the Department of Corrections.

We affirm.

Appellant brings two grounds of error. The first ground states that the "Trial Court erred in admitting the fruits of the search since the officer making the search did not know at the time of the arrest the items seized were fruits of a crime." Appellant's motion to suppress was overruled. The following facts are pertinent to the first ground of error.

On the night of February 16, 1981, Roy Lee Hicks ("Complainant") was driving his 1970 Ford pickup truck northbound on State Highway 271 when it broke down about 11:00 p.m. Complainant left the scene with a friend who was passing by, after locking the truck. Complainant had transported two citizens band radios, a socket set, a tool box and a fiddle and case in the truck. Within an hour, Officer David Preston Bailey of the Gladewater Police Department observed Complainant's truck on the highway, partially blocking traffic. On investigating the scene Officer Bailey observed the passenger-side windows were broken and glass was scattered inside the vehicle. He also found a tire tool on the ground by the passenger-side door. While Bailey was awaiting a radio report on his license check of the vehicle, Complainant's friend stopped and identified the owner thereof. Complainant testified both he and his friend were searching in different places for a chain to tow the disabled truck. Complainant was picked up by his friend and returned to his truck. Officer Bailey testified that the license check report was returned about 11:58 p.m.

In Longview, Texas, Officer Ronnie Harold Vick observed a vehicle run a red light at Tyler Street and Highway 80. After the vehicle pulled over, appellant, the driver thereof, exited the vehicle approaching Vick. Vick observed several pieces of automobile safety glass fall from appellant's trousers. The passenger in the vehicle, Robert Lee Williams, became belligerent and began complaining about the stop. Appellant told Vick that the passenger was his uncle. When Vick walked over to Williams to inquire as to his complaint, he saw electronic equipment in the front and back seats, along with broken glass. At that point, after appellant told Williams to quiet down, appellant motioned to Vick that he wanted to speak privately. Appellant told Vick that the passenger was really a stranger and that appellant thought the equipment was stolen from a vehicle on Highway 80 in Gladewater though he did not steal it. Vick immediately gave appellant his *Miranda* warnings. He then radioed to the dispatcher to inquire of any truck burglaries where appellant indicated he picked up Williams. The Gladewater Police Department radioed back, verifying the burglary had taken place via a broken window. The equipment found in appellant's vehicle were the same objects removed from Complainant's truck. Both appellant and Williams were arrested. The owner of the property, Hicks, later identified and recovered the items found in appellant's vehicle.

The basis of appellant's argument is that the "plain view" doctrine requires the seizing officer know the evidence was illegal or stolen at the time the items were seized, citing *Sullivan v. State*, 626 S.W.2d 58, 59 (Tex.Cr.App.1982). *Sullivan* holds: (1) "it must be immediately apparent to the police that they have *evidence of a crime* before them"; and (2) it is the State's burden to show the officer knew of the "prohibited nature" of the evidence "*at the time he made the seizure.*" *Id.* (Emphasis added.) The court also recited, however, "that objects which are not inherently suspicions can become so under certain circumstances." As Townsend contends, and the State concedes, the "plain view doctrine" only permits seizure of "contraband." Stated another way, and more appropriately here, before a "plain view" warrantless seizure can be upheld, it must appear that the officer at the time of the seizure is aware that he is viewing evidence of a crime. *Nicholas v. State*, 502 S.W.2d 169 (Tex.Cr. App.1973); *Delao v. State*, 550 S.W.2d 289 (Tex.Cr.App.1977). The property seized in this case is not inherently contraband, that is, its mere possession does not constitute an offense. Hence, the question arises, what facts about the property does the State's evidence reveal were known by the officer

at the time he seized the property? Vick testified that he observed broken (shattered) auto safety glass on the person of appellant, on the seat of his vehicle, on the clothing of appellant's passenger, and on the electronic property he saw in the appellant's vehicle; Vick also testified that appellant took him aside and informed him that he (appellant) had picked up his passenger on Highway 80 near Gladewater at the location of a stalled vehicle and helped the passenger load the property and equipment into appellant's car, giving Officer Vick a detailed description of the other vehicle. Vick also stated that no glass was broken out of appellant's vehicle on occasion and most importantly of all that the appellant informed him that he thought his passenger had stolen the property. Appellant denied the property was his. After this knowledge was imparted to Vick, he arrested appellant and his companion and seized the property.

Under this record we hold that the warrantless seizure of the stolen property was proper under the "plain view doctrine" and that Vick was justified in concluding from all the facts known to him that the property seized was stolen property. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), and *Sullivan v. State,* 626 S.W.2d 58 (Tex.Cr.App.1982.) Appellant's first ground of error is overruled.

■ Appellant's other ground of error complains of the trial court's instruction on circumstantial evidence and refusal to submit appellant's tendered instruction. Appellant's argument complains only of the phrase in the court's charge, stating "in circumstantial evidence cases it is not necessary, however, that every fact point directly and independently to the defendant's guilt...."[1] Appellant cites *Anthony v. State,* 628 S.W.2d 151 (Tex.App.—Houston [14th] 1982, no pet.), stating "The Court held while each fact need not point directly and independently to the accused's guilt, the cumulative effect of all the incrimina-

ting facts must exclude every reasonable hypothesis." The court's charge reads in part:

"... It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. The rules of circumstantial evidence do not require that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person; the rules are that every reasonable hypothesis consistent with the circumstances and facts proved be excluded to a moral certainty. Furthermore, such reasonable hypothesis that the act may have been committed by another person must not be out of harmony with the evidence."

We hold that the court's charge correctly states the law as enunciated in *Vaughn v. State,* 607 S.W.2d 914 (Tex.Cr.App.1980).

■ However, appellant's argument under this ground further questions the sufficiency of the evidence to convict appellant on circumstantial evidence. The facts as recited herein do supply sufficient evidence to convict appellant, viewing the evidence in light of the presumption that the accused is innocent. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983); *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969). Appellant was the driver of the vehicle in which the stolen goods and broken glass from Complainant's truck was discovered; some of the glass was seen on appellant; appellant was caught in a lie to the police regarding his relationship to the passenger Williams; and appellant made the inculpatory statement that the goods might be stolen. The only evidence or testimony at trial is that of Roy Lee Hicks, the owner of the truck and stolen items, Officer Bailey, who investigated the burglary, and Officer Vick, who arrested appellant and Williams in Longview. Their testimony and the evidence adduced at trial is sufficient to support the conviction.

---

1. This phrase is missing in appellant's submitted instruction, and is the only one complained of in appellant's brief.

Finding no error below, the judgment of the trial court is affirmed.