**The STATE of Texas, Appellant,**

v.

**Bobby Lynn DAVIS, Appellee.**

**No. 01–98–00668–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 1, 1999.

Travis J. Koehn, Bellville, Daniel W. Leedy, Bellville, for appellant.

Craig A. Washington, Bastrop, for appellee.

Panel consists of Justices O'CONNOR, TAFT, and PRICE.[1]

## OPINION ON MOTION FOR REHEARING

TAFT, J.

Our original opinion affirmed the trial court's granting of appellant's motion to suppress evidence on the basis that the State had not obtained findings of fact so as to render the trial court's decision solely a matter of law. The State claims: (1) the only contested issue was the validity of the "plain feel" legal question; (2) counsel for appellant acknowledged at trial that the two State's and two defense witnesses told consistent stories; and (3) the State has no vehicle to obtain findings of fact. There may be a case where the State's arguments would be persuasive, but this is not it.

■ What the State does not consider is the inconsistencies within the testimony of the State's witnesses: (1) the first officer initially testified that he saw bullets in plain view on the front seat console upon approaching the car, but admitted, on cross-examination and after being confronted with

his offense report, that it was only after getting appellant out of the car that he saw the bullets; and (2) defense counsel was able to elicit testimony from the frisking officer that the pipe he felt could have been used for smoking tobacco. While the first inconsistency did not necessarily undermine the State's legal position, the second inconsistency certainly did. If the pipe could have been a tobacco pipe, the "plain feel" doctrine would not have applied, because unlawful possession of the pipe would not have been immediately apparent. The trial court could have found this inconsistency dispositive, especially where the first officer had also been "caught" in an inconsistency.

Accordingly, we deny the State's motion for rehearing.