ACCEPTED
13-14-00680-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/27/2015 1:14:50 PM
DORIAN RAMIREZ
CLERK

# #13-14-00680-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/27/2015 1:14:50 PM
DORIAN E. RAMIREZ
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

## THE STATE OF TEXAS,
Appellant

v.

## ISRAEL RAMIREZ,
Appellee

ON STATE'S APPEAL FROM THE 94TH DISTRICT COURT
OF NUECES COUNTY, CAUSE #13-CR-2209-D

# **STATE'S BRIEF**

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**    The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

> A. Cliff Gordon, Asst. Dist. Atty.
> Nueces County Courthouse
> 901 Leopard St., Rm. 206
> Corpus Christi, TX 78401

Trial and appellate counsel:

> Mark Skurka, District Attorney
> Elizabeth Schmidt, Asst. Dist. Atty.
> Nueces County Courthouse
> 901 Leopard St., Rm. 206
> Corpus Christi, TX 78401

**Appellee:**    Israel Ramirez, represented by

Trial and Appellate Counsel:

> Todd Robinson
> Batek & Robinson, LLP
> 102 N. Staples St.
> Corpus Christi, TX 78401

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

INDEX OF AUTHORITIES ............................................................................. iv

STATEMENT OF THE CASE ........................................................................... vi

ISSUE PRESENTED ........................................................................................ vii

    Whether probable cause existed for Officer Garcia to search the capsule attached to Defendant Ramirez's keychain ........................... vii

STATEMENT OF FACTS ................................................................................... 1

SUMMARY OF THE ARGUMENT ................................................................... 3

ARGUMENT ....................................................................................................... 5

    Officer Garcia had probable cause to search the heroin-containing capsule .......................................................................................................... 5

        A.  Legal standards .................................................................................. 5

        B.  The totality of the circumstances facing Officer Garcia and found by the trial court would have led a person of reasonable prudence to believe that heroin would be found in the capsule attached to Defendant Ramirez's keychain ........... 8

PRAYER ............................................................................................................. 13

CERTIFICATE OF COMPLIANCE ................................................................. 14

CERTIFICATE OF SERVICE .......................................................................... 14

# INDEX OF AUTHORITIES

## Cases

Allen v. State, 13-13-00188-CR, 2014 WL 4402135 (Tex. App.—Corpus Christi Sept. 4, 2014, no pet.) ........................................................................9

Amador v. State, 275 S.W.3d 872 (Tex. Crim. App. 2009) ...............................7

Angulo v. State, 727 S.W.2d 276 (Tex. Crim. App. 1987) ................................7

Baldwin v. State, 278 S.W.3d 367 (Tex. Crim. App. 2009) ..............................7

Derichsweiler v. State, 348 S.W.3d 906 (Tex. Crim. App. 2011) ......................9

Dixon v. State, 206 S.W.3d 613 (Tex. Crim. App. 2006) .............................5, 10

Elardo v. State, 163 S.W.3d 760 (Tex. App.—Texarkana 2005, pet. ref'd) ............................................................................................................9

Florida v. Harris, 133 S. Ct. 1050 (2013) .......................................................6, 7

Furr v. State, 13-14-00287-CR, 2015 WL 307757 (Tex. App.—Corpus Christi Jan. 22, 2015, pet. filed) ...............................................................9

Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997) ...............................11

Illinois v. Gates, 462 U.S. 213 (1983) ...........................................................7, 10

Matthews v. State, 431 S.W.3d 596 (Tex. Crim. App. 2014) ............................9

Miller v. State, 458 S.W.2d 680 (Tex. Crim. App. 1970) ................................11

Navarette v. California, 134 S.Ct. 1683 (2014) ..................................................9

Rodriguez v. State, 13-12-00233-CR, 2014 WL 1514061 (Tex. App.—Corpus Christi Apr. 17, 2014, no pet.) ......................................................10

Rojas v. State, 797 S.W.2d 41 (Tex. Crim. App. 1990) ...................................10

State v. Kelly, 204 S.W.3d 808 (Tex. Crim. App. 2006) ....................................5

State v. Kerwick, 393 S.W.3d 270 (Tex. Crim. App. 2013) ...............................5

Sullivan v. State, 626 S.W.2d 58 (Tex. Crim. App. 1981) ...............................13

Wiede v. State, 214 S.W.3d 17 (Tex. Crim. App. 2007) ................................7, 12

# STATEMENT OF THE CASE

| Nature of the Case | On January 17, 2014, a Grand Jury indicted Ramirez for possession of less than one gram of heroin, a state jail felony.  CR 4. |
| --- | --- |
| Course of Proceedings | On June 11, 2014, Ramirez filed a boilerplate Motion to Suppress (CR 15), which the court heard on September 24 (RR 1). |
| Trial Court's Disposition | On November 3, 2014, the court granted the motion to suppress.  CR 29. |

# ISSUE PRESENTED

Whether probable cause existed for Officer Garcia to search the capsule attached to Defendant Ramirez's keychain.

# STATEMENT OF FACTS

On June 30, 2014, Robstown Police Department officers Ernest Mendoza and John Garcia were dispatched to a disturbance between males and females yelling and screaming. Finding of Fact #5[1]. Upon arrival, Officer Mendoza saw 3-4 persons in the road arguing, and he exited his vehicle and separated them. #6. Lori Ramirez, sister of Defendant-Appellee Israel Ramirez, was one of the persons present. #8.

Lori told Officer Mendoza that her brother "[Israel]'s got heroin on him." #10. At that point, Officer Garcia saw Defendant Ramirez begin walking away from the scene towards his home. #8. Officer Garcia, who arrived immediately after Officer Mendoza, also observed Ramirez walking away from the scene. ##7, 9. As Officer Mendoza attempted to make contact with Ramirez, he relayed Lori's statement to Officer Garcia about Ramirez possessing heroin. #14.

---

[1] For brevity in citing to the Findings of Fact, numbers followed by the number sign (#) refer to the Finding of Fact number. All of the trial court's findings of fact, which were made and entered on remand from this Court, are located at Supp. CR 17-20.

Ramirez was nervous and trying to avoid the officers.  #20.  As Officer Garcia continued try to make contact with Ramirez, Ramirez walked away from him and behind an SUV.  #18.  Officer Mendoza walked around the other side of the SUV, and the officers made contact with Ramirez there.  #19.

Ramirez kept reaching into his right pocket, which forced Officer Garcia to order him to keep his hands on the SUV.  #21.  Officer Garcia asked Ramirez if he had any weapons, and he responded that he had a pocket knife.  #22.  Garcia then placed Ramirez in handcuffs and asked if he could remove the knife and the contents of Ramirez's pocket.  ##22, 23.  Ramirez answered "okay" or "yes."  #24.

Officer Garcia retrieved a knife and keychain from Ramirez's right pocket, attached to the keychain was a silver, capsule-shaped container.  #25.  The knife was legal, and Ramirez was not yet under arrest. ##27, 28.  Ramirez had not consented to a search of the capsule. #34.

Garcia's experience as a peace officer includes investigating close to 150 illegal drug cases and training to recognize illegal drugs.  #17.  Officer

2

Garcia had also previously found drugs in containers like the one attached to Ramirez's keychain. #30. Looking for narcotics, Officer Garcia opened the capsule and discovered what he believed to be black tar heroin. #33.

On January 17, 2014, a Grand Jury indicted Ramirez for possession of less than one gram of heroin, a state jail felony. CR 4; TEX. HEALTH & SAFETY CODE § 481.115(b). On June 11, Ramirez filed a boilerplate Motion to Suppress. CR 15. On September 24, the trial court heard the motion. RR 1.

At the hearing on the motion to suppress, Ramirez limited his attack to the propriety of Officer Garcia search of the capsule. Supp. CR 17 (#2). On November 3, the court granted the motion to suppress. CR 29. This State's appeal ensued. CR 30.

## SUMMARY OF THE ARGUMENT

Under the totality of the circumstances facing Officer Garcia and found by the trial court, probable cause existed to search the capsule attached to Defendant Ramirez's keychain. A witness present at the scene, Ramirez's sister, told another officer that Ramirez had heroin on his

3

person. When Officer Garcia received this information, he saw Ramirez trying to walk away from the scene of the disturbance to which the officers had been dispatched. Ramirez was nervous, trying to avoid the officers, and kept reaching into his right pocket.

When Ramirez consented to Officer Garcia's request to empty the contents of that pocket, he retrieved a keychain to which was attached a silver, capsule-shaped contained. In Officer Ramirez's experience investigating close to 150 drug cases, he has found drugs in similar containers. Thus, upon removing and viewing the capsule, a person of reasonable caution would have believed that heroin would probably be found in the capsule.

In sum, Officer Garcia had probable cause to search and open the capsule, which allegedly contained heroin. The trial court's legal conclusion to the contrary was erroneous, is reviewed de *no novo*, is entitled to no deference, and should be reversed by this Court.

## ARGUMENT

**Officer Garcia had probable cause to search the heroin-containing capsule.**

**A.    Legal standards.**

In reviewing a trial court's ruling on a motion to suppress, appellate courts employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.  *E.g., State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).

When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings.  *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  Whether a specific search or seizure is reasonable or supported by probable cause under the Fourth Amendment is subject to *de novo* review.  *E.g., Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006).

A police officer has probable cause to conduct a search when "the facts available to him would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (quotation omitted); *see also Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005) ("Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found."). Summarizing the core principles pertaining to probable cause, the Court of Criminal Appeals has written,

> Probable cause is a "fluid concept" that cannot be "readily, or even usefully, reduced to a neat set of legal rules." Though the concept evades precise definition, it involves "a reasonable ground for belief of guilt" that is "particularized with respect to the person to be searched or seized." "Probable cause" is a greater level of suspicion than "reasonable suspicion" and requires information that is more substantial in quality or content and a greater reliability with respect to the source of information. At least in the context of searches, probable cause involves "a fair probability that contraband or evidence of a crime will be found." Probable cause is a relatively high level of suspicion, though it falls far short of a preponderance of the evidence standard.

*Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (footnotes and citations omitted). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer. *E.g., Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

When determining probable cause, courts look to the totality of the circumstances. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *see also Florida v. Harris*, at 1055 (describing "all-things-considered approach"). When considering all of the circumstances, the question is not whether certain conduct is "innocent" or "guilty"—

> [P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be to *sub silentio* impose a drastically more rigorous definition of probable cause than the security of our citizens demands. . . . In making a determination of probable cause the relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of non-criminal acts.

*Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983), *quoted with approval in Angulo v. State*, 727 S.W.2d 276, 279 (Tex. Crim. App. 1987).

7

**B.** **The totality of the circumstances facing Officer Garcia and found by the trial court would have led a person of reasonable prudence to believe that heroin would be found in the capsule attached to Defendant Ramirez's keychain.**

The State does not contend that Ramirez explicitly or implicitly consented to the search of the capsule attached to his keychain. Rather, Ramirez plainly consented to Officer Garcia removing the keychain and the capsule attached to it from his pocket. Supp. CR 19 (Findings ##21-24). Thus, the critical question becomes whether, upon removing and viewing the capsule, Officer Garcia had probable cause to search and open it. The answer to this legal question is "Yes."

The tip from Ramirez's sister, Lori, that he possessed heroin. The sequence of events culminating in probable cause to search began with Lori's tip to Officer Mendoza, relayed to Officer Garcia, that Ramirez "had heroin on him." Supp. CR 18 (Finding #10). Without that information, a reasonable officer may not have been able discern the likely reason for Ramirez's odd behavior. *See id*. at 18-19 (nervousness [#20], avoidance of the officers [##8, 9, 18, 20], and repeatedly reaching into his right pocket [#21]).

Because Lori was subject to investigation at the scene for the disturbance call, the State concedes that she is not a citizen-informant whose tip would be presumed reliable. *E.g., Elardo v. State*, 163 S.W.3d 760, 768-69 (Tex. App.—Texarkana 2005, pet. ref'd) ("[I]information provided by private citizens whose only contact with the police was to witness the crime is presumed to be reliable."). But Lori was more than an anonymous tipster; she identified herself to police, was present at the scene, and could be held to account for the accuracy and veracity of her tip.[2] Additional indicia of reliability enjoyed by Lori's tip included that it singled out the specific person at the scene alleged to be in possession of contraband (Defendant), specified the type of contraband (heroin), specified where it

---

[2]     *Cf. Derichsweiler v. State*, 348 S.W.3d 906, 914-15 (Tex. Crim. App. 2011) ("[I]nformation provided to police from a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable."); *see also Allen v. State*, 13-13-00188-CR, 2014 WL 4402135, at *3 (Tex. App.—Corpus Christi Sept. 4, 2014, no pet.) (citing *Derichsweiler*; not designated for publication); *Navarette v. California*, 134 S.Ct. 1683, 1689 (2014) (finding increased veracity from anonymous informant's use of 911 call due to "features that provide for identifying and tracing callers, and thus provide some safeguards against making false reports with immunity . . . [a] reasonable officer could conclude that a false tipster would think twice before using such a system"); *Matthews v. State*, 431 S.W.3d 596, 600 (Tex. Crim. App. 2014) (citing *Navarette*); *Furr v. State*, 13-14-00287-CR, 2015 WL 307757, at *5-6 (Tex. App.—Corpus Christi Jan. 22, 2015, pet. filed) (discussing and distinguishing *Matthews*; not designated for publication).

was ("on him"), and a basis therefore (she was present at the scene with Defendant and is Defendant's sister). *See Illinois v. Gates*, 462 U.S. 234 ("[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case."), *cited with approval in Dixon v. State*, 206 S.W.3d at 617 n.16. Thus, an officer could reasonably consider Lori's tip, while not sufficient in itself to establish probable cause, as possessing sufficient reliability to support probable cause if corroborated. *Cf. Rojas v. State*, 797 S.W.2d 41, 44 (Tex. Crim. App. 1990) ("[W]hen an anonymous tip is relied upon to furnish probable cause, the informer must assert personal knowledge or there must be additional facts showing reason to believe that the contraband sought will probably be where the information indicates it will be."); *Rodriguez v. State*, 13-12-00233-CR, 2014 WL 1514061, at *3 (Tex. App.—Corpus Christi Apr. 17, 2014, no pet.) ("Probable cause may arise from a tip supplied by a confidential informant

if it is corroborated. *Eisenhauer v. State,* 678 S.W.2d 947, 955 (Tex. Crim. App. 1984)"; not designated for publication).

Circumstances corroborating Lori's tip that Defendant possessed contraband. Upon learning that a witness identified Ramirez as having heroin in his possession, Officer Garcia faced the following circumstances—

1. Ramirez was walking away from the scene of the disturbance that prompted the police presence. Supp. CR (Findings ##5, 8, 9).

2. Ramirez was trying to avoid the officers. #20.

3. Ramirez was nervous. #20.

4. Ramirez kept reaching into his right front pocket. #21.

At this point, a reasonable officer would likely believe that Ramirez had contraband in that pocket. *See, e.g., Miller v. State*, 458 S.W.2d 680, 683 (Tex. Crim. App. 1970) (finding suspect's nervousness and furtive movements as factors supporting probable cause); *Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997) ("[A]voiding officers is a factor to consider when

11

determining probable cause."). However, Officer Garcia still did not yet search.

When Ramirez agreed that Officer Garcia could empty his pocket, the officer retrieved a closed, silver, capsule-shaped container. Supp. CR 19 (Findings ##24, 25). Officer Garcia recognized the capsule as similar to containers in which he has found contraband in the past, which involves investigating close to 150 drug cases and training to recognize illegal drugs such as heroin. ##17, 30. *See, e.g., Wiede v. State*, 214 S.W.3d at 25 ("[T]he training, knowledge, and experience of law enforcement officials is taken into consideration" when determining probable cause."). Only then did Officer Garcia open the capsule to search for narcotics and find heroin inside. ##32, 33.

Viewed in isolation, none of the circumstances found by the trial court would support probable cause to search the capsule. However, when considered together, as required by the applicable standard of review, these particulars more than suffice to warrant a person of reasonable caution to believe that heroin would be present in the capsule. *Sullivan v.*

*State*, 626 S.W.2d 58, 60 (Tex. Crim. App. 1981) ("[O]bjects which are not inherently suspicious can become so under certain circumstances. Thus, the State can show that the seizing officer was aware, at the time of the seizure, that contraband drugs are commonly packaged in a particular manner. This specialized knowledge, in combination with suspicious facts and circumstances, can sustain the State's burden of proof."; citations omitted).

## **PRAYER**

For these reasons, the State requests that the Court reverse the trial court's order granting Defendant's motion to suppress and grant the State all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 3122 words.

## CERTIFICATE OF SERVICE

On April 27, 2015, a true copy of the foregoing was served via EServe on the following:

Mr. Todd Robinson
Batek & Robinson, LLP
102 N. Staples St.
Corpus Christi, TX 78401
Counsel for Appellee

/s/ A. Cliff Gordon_____
A. Cliff Gordon