**Affirmed and Majority and Concurring Memorandum Opinions filed August 24, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00409-CR

---

### DERRICK GLEN BLACKSHIRE II, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 3
Fort Bend County, Texas
Trial Court Cause No. 18-CCR-205657**

---

## CONCURRING MEMORANDUM OPINION

I concur in the majority's opinion affirming denial of the motion to suppress; however, I write separately to clarify that there was no evidence presented establishing the plain view exception as to the search and seizure of the pill bottle found in the vehicle, despite the consent finding as to Officer Clark's entry of the vehicle.

Officer Clark testified as follows:

(Video playing.)

[State]:               At this point, what did you see?

[Officer Clark]:    A pill bottle.

[State]:               And based on your experience, what attracted you to the pill bottle?

[Officer Clark]:    I believe there was no label.

[State]:               What color is the bottle?

[Officer Clark]:    Orange.

[State]:               And the top?

[Officer Clark]:    White.

[State]:               Did you go looking for that bottle.

[Officer Clark]:    No.

[State]:               What were you looking for?

[Officer Clark]:    Papers.

[State]:               How did you see this?

[Officer Clark]:    It was in plain sight in the door.

[State]:               At this point, what did you do next?

[Officer Clark]:    Retrieved it.

[State]:               Prior to you picking up that bottle was he being detained?

[Officer Clark]:    No.

[State]:               Was there an investigation ongoing prior to picking up the bottle?

[Officer Clark]:    No.

[State]:               When you picked up the bottle, then what did you do?

[Officer Clark]:    Opened to see what was inside.

[State]:               What was in it?

[Officer Clark]:    Narcotics.

[State]:               Once you realized that there were narcotics in the

bottle what did you do?

[Officer Clark]:    Now he's detained.

[State]:    After you saw the narcotics, [appellant] was detained?

[Officer Clark]:    Correct.

No evidence was introduced showing that the contents of the pill bottle were suspicious, that the pill bottle appeared to contain contraband, or even that Officer Clark observed anything in the pill bottle prior to opening it. An empty pill bottle without a label, in and of itself, is not "immediately apparent" as contraband. *See State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013) (noting that for the plain view doctrine to apply, (1) police officers must lawfully be where the object can be "plainly viewed," (2) the "incriminating character" of the object in plain view must be "immediately apparent" to the police officers, and (3) the officers must have the right to access the object); *see also State v. Dobbs*, 323 S.W.3d 184, 189 (Tex. Crim. App. 2010) ("The Supreme Court has construed 'immediately apparent' to mean simply that the viewing officers must have probable cause to believe an item in plain view is contraband before seizing it."). Therefore, the seizure of the bottle was unreasonable and does not meet the requirements of the plain view exception.

I do not believe that Officer Clark's testimony, as it appears in the record, would warrant an individual of reasonable caution to believe that the unlabeled pill bottle contained narcotics or evidence of a crime. *See Marcopoulos v. State*, 538 S.W.3d 596, 599–600 (Tex. Crim. App. 2017) ("Probable cause exists where the facts and circumstances known to law enforcement officers are 'sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" (quoting *Brinegard v. United States*, 338 U.S. 160, 175–76 (1949))); *see also Howard v. State*, 599 S.W.2d 597, 601 (Tex. Crim. App. [Panel Op.] 1979) (rejecting the application of the plain view doctrine and

3

suppressing the pills found in an unlabeled brown prescription pill bottle because "[i]t was not immediately apparent to [the officer] that the bottle contained a controlled substance")[1]; *Young v. State*, 563 S.W.3d 325, 331–32 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (rejecting the application of the plain feel doctrine and suppressing the pills found in a pill bottled detected during pat down of Young because solely touching a pill bottle, "a common and typically benign object," did not indicate it was contraband).

Our decision is not intended to imply that seeing an unlabeled pill bottle in plain sight, without more, supports a finding that probable cause existed to search the unlabeled pill bottle. With this caveat, and noting that appellant waived these arguments because he did not present them to the trial court, *see* Tex. R. App. P. 33.1(a); *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005); *see also Thornburg v. State*, No. 02-14-00453-CR, 2015 WL 4694094, at *8 (Tex. App.—Fort Worth Aug. 6, 2015, pet. ref'd) (mem. op., not designated for publication), I concur with the result reached by the majority.

---

[1] The "immediately apparent" standard used by the Court of Criminal Appeals in *Howard* was later modified to mean simply that the viewing officers must have probable cause to believe an item in plain view is contraband before seizing it. *See State v. Dobbs*, 323 S.W.3d 184, 189 (Tex. Crim. App. 2010); *Howard v. State*, 599 S.W.2d 597, 601 (Tex. Crim. App. [Panel Op.] 1979); *Curren v. State*, 656 S.W.2d 124, 129 (Tex. App.—San Antonio 1983, no pet.) ("In disapproving of our Court of Criminal Appeals' application of the plain view doctrine, [the United States Supreme Court in *Texas v. Brown*, 460 U.S. 730 (1983)] reinterpreted the phrase 'immediately apparent' to mean not an unduly high degree of certainty as to the incriminating character of the evidence, but rather that there is probable cause to associate the property with criminal activity.").

/s/      Margaret "Meg" Poissant
         Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant. (Jewell, J., majority).

Do Not Publish — Tex. R. App. P. 47.2(b).